Michele R. Stafford, Esq. (SBN 172509)
Erica J. Russell, Esq. (SBN 274494)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
erussell@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRICKLAYERS LOCAL NO. 3 PENSION TRUST and its Board of Trustees; JEFF BARBER and DAVID JACKSON, Trustees;<br><br>BRICKLAYERS LOCAL NO. 7 PENSION TRUST and its Board of Trustees; ROBERT FILIPPI and DAVID JACKSON, Trustees;<br><br>BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL 16 PENSION TRUST FUND and its Board of Trustees; ANTONIO GENNARO and ANTHONY ROSSI, Trustees;<br><br>BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL NO. 3 HEALTH AND WELFARE TRUST and its Board of Trustees; ROBERT FILIPPI and DAVID JACKSON, Trustees;<br><br>BRICKLAYERS AND ALLIED CRAFTS LOCAL NO. 3 APPRENTICE TRAINING TRUST and its Board of Trustees; WAYNE MIKA and DAVID JACKSON, Trustees;<br><br>INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS PENSION FUND and its Board of Trustees; JAMES BOLAND and EUGENE GEORGE, Trustees; and<br><br>INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTSMEN, AFL-CIO, LOCAL UNION NO. 3;<br><br>Plaintiffs,<br><br>v.<br><br>ALL AMERICAN TILE AND TERRAZZO, INC., a California corporation, | Case No.:<br><br>**COMPLAINT** |

Defendant.

Parties

1. The Bricklayers Local No. 3 Pension Trust; Bricklayers Local No. 7 Pension Trust; Bricklayers and Allied Craftsmen Local 16 Pension Trust Fund; Bricklayers and Allied Craftworkers Local No. 3 Health and Welfare Trust; Bricklayers and Allied Crafts Local No. 3 Apprentice Training Trust; and the International Union of Bricklayers and Allied Craftsmen Pension Fund, are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). Jeff Barber, David Jackson, Robert Filippi, Antonio Gennaro, Anthony Rossi, Wayne Mika, James Boland and Eugene George are trustees and fiduciaries of these Funds. The Funds and their fiduciaries are together referred to herein as "ERISA Plaintiffs" or "Plaintiffs."

2. International Union of Bricklayers and Allied Craftsmen, AFL-CIO, Local Union No. 3 ("Union") is a labor organization as defined in § 2(5) of the National Labor Relations Act ("NRLA"), 29 U.S.C. § 152(5), and is represented by counsel herein for the limited purpose of collecting union dues owing as part of the subject contribution claims of Plaintiffs, and not for any other cause of action. The Union expressly reserves its rights to pursue any other cause of action on its own behalf.

3. All American Tile and Terrazzo, Inc., a California corporation ("Defendant"), is an employer by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

Jurisdiction

4. Jurisdiction exists in this Court over the claims asserted by Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

5. Jurisdiction exists in this Court over all the claims by virtue of Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of the written Collective Bargaining Agreements between Defendant and the Union.

6. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that the claims arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

Venue

7. Venue exists in this Court with respect to the claims under ERISA § 502 because all of the plans of the ERISA Plaintiffs are administered within this district and the breach took place in this district.

8. Venue exists in this Court with respect to the claims under LMRA §301(a) because this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arose in this district.

Intradistrict Assignment

9. The basis for assignment of this action to this court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where ERISA Plaintiffs Trust Funds and the Bargained Plans, described in ¶10 herein, were located during the period claimed herein, and where Defendant therefore failed to fulfill its statutory and contractual obligations to the Plaintiffs.

Bargaining Agreements

10. Defendant is signatory to the Master Agreements between the Union and 1) Northern California Mason Contractors Multi-Employer Bargaining Association & Masonry Contractors' Association of Central California; 2) The Terrazzo and Mosaic Association; and 3) Tile, Terrazzo, Marble and Restoration Contractors Association of Northern California Inc. and Independent Tile Contractors (hereinafter collectively referred to as the "Bargaining Agreements"). The Bargaining Agreements require Defendant to make employer contributions to the Plaintiffs Funds, to the Union for union dues, and to the Bargained Plans more fully described in the Bargaining Agreements. ERISA Plaintiffs are third party beneficiaries of the Bargaining Agreements.

11. The Bargained Plans described in the Bargaining Agreements include but are not limited to: 1) Mason Contractors' Association of Central California Fund; 2) Northern California Tile Industry Apprenticeship and Training Trust Fund; 3) Tile, Terrazzo, Marble and Restoration Industry Promotion Fund; 4) Bricklayers Local No. 3 Vacation and Holiday Fund; and 5) Contract Administration Fund (collectively referred to hereinafter as the "Bargained Plans"). The Bargained Plans are funds requiring Defendant's contributions under the Bargaining Agreements as set forth in Paragraph 10, and Plaintiffs Boards of Trustees are assigned under the Bargaining Agreements to receive and administer monies due to these Bargained Plans.

12. Under the terms of said Bargaining Agreements and of the governing documents of ERISA Plaintiffs, which are incorporated into the Bargaining Agreements and made binding on Defendant, Defendant is required to submit monthly reports of hours worked by its employees and to regularly pay to Plaintiffs, to the Union for union dues, and to the Bargained Plans, certain sums of money, the amounts of which are determined by the hours worked by employees of Defendant, all as more fully set forth in said Bargaining Agreements. Under the terms of said Bargaining Agreements and the governing documents of Plaintiffs, Defendant also agreed to pay liquidated damages for each delinquent payment. Defendant further agreed to pay interest on the contributions at the rates set by the Bargaining Agreements, from the date that each such payment became due until paid in full, all as more fully set forth in said Bargaining Agreements and Trust Agreements incorporated therein.

## Facts

13. Defendant failed to report and pay contributions for hours worked by its employees for the time period from November through December 2013, and failed to pay the balances owed for liquidated damages and interest on late-paid October 2013 contributions, despite several demands. Liquidated damages and interest are also due and owing on the unpaid November through December 2013 contributions. Plaintiffs reserve the right to conduct an audit to determine whether there are any additional amounts owed, and are entitled to recover any such amounts. Plaintiffs are also entitled to recover all liquidated damages and interest payable on any other late-paid or unpaid contributions found due (by audit, paystubs, or otherwise).

14. Defendant has a statutory duty to timely make required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145.

15. Defendant has a contractual duty under the Collective Bargaining Agreements to timely pay required contributions, liquidated damages, and interest to ERISA Plaintiffs, to the Bargained Plans, and to the Union for dues.

16. Defendant's failure and refusal to make payments as alleged herein was at all times, and still is, willful. Defendant continues to breach said Collective Bargaining Agreements, and the Trust Agreements incorporated therein and made binding on Defendant, by failing to pay all amounts owed as alleged. Said refusal is unjustified and done with malicious intent.

17. Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendant is ordered specifically to perform all obligations required on Defendant's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, the Collective Bargaining Agreements, and the Trust Agreements incorporated therein, and are restrained from continuing to refuse to perform as required thereunder.

18. This Court is authorized to issue injunctive relief based on traditional standard. As set forth above, Plaintiffs have a strong likelihood of success on the merits. There is the possibility that Plaintiffs Trustees and the plans' participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor of Plaintiffs.

<u>Prayer</u>

WHEREFORE, Plaintiffs pray as follows:

1. For judgment against Defendant in favor of Plaintiffs in an amount equal to:

(a) All unpaid contributions due to Plaintiffs for hours worked as specified above and thereafter through the time of judgment pursuant to ERISA §502(g)(2)(A), 29 U.S.C. §1132(g)(2)(A), the Collective Bargaining Agreements, and the Trust Agreements incorporated therein;

(b) Liquidated damages in an amount equal to the greater of:

(i) Interest on the unpaid contributions, or

(ii) Liquidated damages on the aforementioned unpaid contributions, in accordance with the Collective Bargaining Agreements, the Trust Agreements, as well as ERISA §502(g)(2), 29 U.S.C. §1132(g)(2) with respect to Plaintiffs.

(c) Interest on the aforementioned unpaid contributions at rates set forth and in accordance with the Collective Bargaining Agreements, the Trust Agreements incorporated therein, as well as ERISA §502(g)(2)(B), 29 U.S.C. §1132(g)(2)(B) with respect to Plaintiffs, and the applicable legal rate with respect to dues and where otherwise appropriate.

(d) Any other contributions payable to Plaintiffs at time of judgment, plus interest and liquidated damages thereon, in accordance with the Collective Bargaining Agreements, the Trust Agreements incorporated therein, as well as ERISA §502(g)(2), 29 U.S.C. §1132(g)(2) with respect to Plaintiffs.

(e) Dues payable to the Union at time of judgment, in accordance with the Collective Bargaining Agreements, and interest thereon in accordance with the law;

(f) Attorneys' fees and costs of this action in accordance with ERISA §502(g)(2)(D), 29 U.S.C. §1132(g)(2)(D) for ERISA Plaintiffs, and pursuant to the Collective Bargaining Agreements and the LMRA §301, 29 U.S.C. §185 for all Plaintiffs.

2. For an order enjoining Defendant from violating the terms of the Collective Bargaining Agreements and the Trust Agreements incorporated therein, and enjoining Defendant from disposing of any assets and continuing operations of its business until it complies with said terms.

3. That the Court reserve and affirm Plaintiffs' contractual right to audit Defendant to determine proper reporting to Plaintiffs, and in the event of such an audit, collect any additional sums which may be due.

4. That the Court retain jurisdiction of this case pending compliance with its orders.

///

///

///

///

5. For such other and further relief as the Court may deem just and proper.

Dated: February 18, 2014

SALTZMAN & JOHNSON
LAW CORPORATION

By: /S/
Erica J. Russell
Attorneys for Plaintiffs